# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**AMANDA ARNOLD,**
      **Plaintiff,**                          **Civil Action No.: 17-10432-DJC**

**VS.**

**THE WOODS HOLE, MARTHA'S
VINEYARD AND NANTUCKET
STEAMSHIP AUTHORITY,**
      **Defendant.**

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF USCG FORM 2692 REPORTS

Now comes the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (hereinafter the "Steamship Authority"), in the above captioned civil action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and hereby submits its Motion In Limine to Preclude Evidence of any USCG Form 2692 Incident Reports pursuant to F.R.E. 401 and 403.

## BACKGROUND

It is anticipated that Plaintiff will seek to offer evidence at trial about United States Coast Guard Form 2692 Incident Reports *from prior incidents* and the fact that no USCG Form 2692 Incident Report was filed in this matter and perhaps others.

Defendant seeks to preclude any and all mention of USCG Form 2692 Reports because whether or not such reports are filed with the US Coast Guard for this incident or others is not relevant to the claim and inclusion of any such reports in civil matters is barred by statute.

## **ARGUMENT**

"Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title...including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings." 46 U.S.C. § 6308(a). "The phrase 'no part' excludes the entire report and the list of specifically excluded contents is 'illustrative and not exclusive'." *Falconer v. Penn Mar., Inc.*, 397 F. Supp. 2d 68, 70 (D. Me. 2005) (citing *In re Danos & Curole Marine Contractors, Inc.,* 278 F.Supp.2d 783, 785 (E.D.La.2003)).  The purpose of this statutory bar is to prevent USCG investigations and findings from influencing civil liability proceedings.

Here, Defendant anticipates that the Plaintiff will seek to offer at trial that a USCG Form 2692 Report was not filed with the US Coast Guard for this incident and perhaps others.  Plaintiff may seek to offer USCG Incident Reports for other incidents as well. Allowing such evidence is improper because (1) whether such a report was filed is wholly irrelevant about whether the Steamship Authority had notice and opportunity to cure any alleged hazard that caused the Plaintiff's injury and (2) allowing such evidence undermines the purpose of the statutory bar on precluding such evidence from trial.  Indeed, a Master's decision to file a USCG Form 2692 Incident Report should not be influenced by the outcome of any litigation or civil liability proceedings.  Should the Plaintiff be allowed to offer such decisions at trial, then the Steamship Authority will necessarily be influenced as to when and what to report to the US Coast Guard in future endeavors.

WHEREFORE, Defendant respectfully moves this Honorable Court that all evidence concerning USCG Form 2692 Reports or reporting incidents to the US Coast Guard should be precluded from trial.

By its attorneys,
**CLINTON & MUZYKA, P.C.**

*/s/ Olaf Aprans*
_____

**Thomas J. Muzyka**
**BBO NO: 365540**
**Olaf Aprans**
**BBO NO: 670434**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
(617) 723-9165
Fax#: (617) 720-3489
Email: oaprans@clinmuzyka.com


**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 17, 2018**.**


*/s/ Olaf Aprans*
_____
Olaf Aprans