UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMANDA ARNOLD,
    Plaintiff,                                      Civil Action No.: 17-10432-DJC

VS.

THE WOODS HOLE, MARTHA'S
VINEYARD AND NANTUCKET
STEAMSHIP AUTHORITY,
    Defendant.

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES

Now comes the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (hereinafter the "Steamship Authority"), in the above captioned civil action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and hereby submits its Memorandum in Support of its Motion In Limine to Preclude Evidence of Subsequent Remedial Measures pursuant to F.R.E. 401, 403 and 407.

### BACKGROUND

This incident occurred on September 30, 2016. Plaintiff was quick to retain counsel and on October 11, 2016, Plaintiff's counsel served the Steamship Authority with a litigation hold request letter advising under threat of sanctions for spoliation not to alter or modify the woman's bathroom door and closer onboard the M/V EAGLE. ***Litigation Hold Request, attached hereto as Exhibit 1.*** Plaintiff, nonetheless did not seek to inspect this door and closer until much later, and Plaintiff's experts inspected the door and closer on December 29, 2017- over one year later.

Following receipt of the litigation hold request letter, the Steamship Authority in conjunction with a Marine Surveyor inspected the door on October 19, 2016 and found it to be operating within normal parameters. The door closing was videotaped and it closed in approximately four [4] seconds. The manufacturer of the closer, Dorma, recommends that the door closes between 3-6 seconds.

While the door and closer were preserved unaltered pursuant to Plaintiff's counsel's demand, the door was used by passengers between September 30, 2016 and December 29, 2017. No adjustments were made and because of use without adjustments, the door closure was altered and was not representative of the closure when videotaped on October 19, 2016. The Steamship Authority services approximately 3 million passengers annually.

Following the Plaintiff's expert's inspection, the Steamship Authority adjusted the valves on the door closer and returned it to operating within the normal 3-6 second closing parameters recommended by the door closer manufacturer. Defendant anticipates that Plaintiff will seek to offer evidence at trial concerning this subsequent remedial measure.

## ARGUMENT

Fed.R.Evid. 407 provides:

> ***When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct; a defect in a product or its design; or a need for a warning or instruction***.

Fed.R.Evid. 407.

"The law is clear . . . that evidence of subsequent remedial measures is inadmissible to prove negligence." *Nieves-Romero v. U.S.,* 715 F.3d 375, 380 (1st Cir. 2013). It has long been established that Rule 407 has its basis in public policy concerns. Admitting such evidence might discourage steps to improve safety. *Ramos v. Liberty Mutual Insurance Co.,*

615 F.2d 334, 341 (5th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 921, 66 L.Ed.2d 840 (1980); *Bailey v. Kawasaki Kisen K.K.,* 455 F.2d 392, 396 (5th Cir.1972) (subsequent repair evidence should be excluded when used to "demonstrate the defendant's awareness or implied admission of 'his negligence, connivance or other culpability in causing the injury'").

Here, the Steamship Authority did not adjust the door following the incident pursuant to the Plaintiff's counsel's litigation hold demand. At the time of the December 29, 2017 Plaintiff's inspection, it was indicated that the door was not closing within the Dorma Door closer's recommended parameters. Plaintiff's may seek to introduce as evidence at trial that there was something wrong with the door because the Steamship Authority adjusted the closer following Plaintiff's inspection. Such evidence without question manifests a subsequent remedial measure and is categorically prohibited from admission pursuant to F.R.E. 407.

WHEREFORE, all evidence that the door closer was adjusted following the incident should be precluded from evidence at trial as a subsequent remedial measure.

By its attorneys,
**CLINTON & MUZYKA, P.C.**

*/s/ Olaf Aprans*

**Thomas J. Muzyka
BBO NO: 365540
Olaf Aprans
BBO NO: 670434**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
(617) 723-9165
Fax#: (617) 720-3489
Email: oaprans@clinmuzyka.com

## **CERTIFICATE OF SERVICE**

  Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 17, 2018**.**

                */s/ Olaf Aprans*
                _____
                Olaf Aprans