# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

**AMANDA ARNOLD,**
    Plaintiff,

**Civil Action No.: 17-10432-DJC**

**VS.**

**THE WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY,**
    Defendant.

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF PRIOR INCIDENTS ON CUMULATIVE GROUNDS (F.R.E. 403)

Now comes the Defendant, the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (the "Steamship Authority"), in the above-entitled action, by and through its counsel of record, Clinton & Muzyka, P.C., and hereby submits its Memorandum in Support of Motion *In Limine* to Preclude Evidence of Prior Incidents on Cumulative Grounds (F.R.E. 403).

## INTRODUCTION

Plaintiff alleges that on September 30, 2016 she broke her right middle and ring fingers when she place them between the hinge side jamb and door of the woman's bathroom. Plaintiff seeks to admit evidence of other incidents on this vessel to show notice and opportunity to cure. Plaintiff should not be allowed to do this because the prior incidents are irrelevant under F.R.E. 401 and will be unfairly prejudicial and

confusing even if relevant under F.R.E. 403. Accordingly, Defendant has moved to exclude this evidence on relevance grounds.[1]

In the alternative, and if the Court is going to admit evidence of other incidents, Defendant moves to exclude this evidence on the grounds that it will be a needless presentation of cumulative evidence pursuant to F.R.E. 403. Plaintiff, indeed, seeks to present nineteen [19] mini trials in support of her claim that Defendant had notice and the opportunity to cure the alleged "hazard" that caused her injury. Such a cumulative presentation is unnecessary when a single prior incident will suffice to show notice. Of the 19 prior incidents identified, only a single event involved a passenger who claimed to have suffered a finger injury involving the actual door installed. This is the only incident worth presenting to show notice, and all other events will be a waste of time and cumulative. Accordingly, and if the Court is going to deny Defendant's Motion to Exclude Evidence of Prior Incidents on relevance and hearsay grounds, then evidence of incidents should be properly limited in accordance with F.R.E. 403.

## **FACTS**

For purposes of brevity, Defendant incorporates herein by reference the facts set forth in its *Memorandum in Support of Motion in Limine to Preclude Evidence on Relevance Grounds* of even date herewith.

As set forth in detail therein, the only incident involving a passenger injury utilizing the woman's head door an occurred on June 29, 2012. ***See Exhibit 1 to Memorandum in Support of Motion in Limine to Preclude Evidence on Relevance***

---

[1] *See Motion In Limine* to Preclude Evidence of Prior Incidents on Relevance Grounds of even date herewith.

3

***Grounds.*** A summary of the other incidents are likewise described in said Memorandum.

## ARGUMENT

Rule 403 affords the District Court discretion to exclude evidence on the grounds that it will be a needless presentation of cumulative evidence. "Evidence is cumulative if repetitive, and if 'the small increment of probability it adds may not warrant the time spent in introducing it.'" *Elwood v. Pina*, 815 F.2d 173, 178 (1st Cir. 1987) (quoting 1 *Weinstein's Evidence* ¶ 401[07] at 401–47–48 (1985)).

Here, the only probative value of prior incidents is to show that the Defendant had the notice and opportunity to cure a hazard or defect of the vessel that caused the Plaintiff's injury. As argued at length in Defendant's *Memorandum in Support of Motion in Limine to Preclude Evidence on Relevance Grounds*, there are no prior incidents that would have placed Defendant on such notice.

If, however, the Court is to disagree with Defendant's position on this point, any evidence of prior incidents should be precluded on account that the presentation will be needlessly cumulative. First, the Plaintiff seeks to present nineteen prior incidents, all of which save one [1] involve the door at issue. It will be needlessly repetitive to submit evidence *ad infinitum* about past events that have no probative value to the case.

Further, evidence about the prior incident (or any other incident) should likewise be limited. Defendant is not on trial for past events and this exercise should not be expanded to a full trial on such past events. The incident report, and nothing further, is sufficient to show notice to Defendant. Bringing further evidence about such past

4

events will serve no legitimate end and such evidence and testimony should accordingly be excluded as unnecessary.

**WHEREFORE,** Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court grant the foregoing Motion and Exclude Evidence of Prior Incidents as Needlessly Cumulative.

>Respectfully submitted,
>
>By its attorney,
>**CLINTON & MUZYKA, P.C.**
>
>*/s/ Olaf Aprans*
>_____
>
>**Thomas J. Muzyka**
>**BBO NO: 365540**
>**Olaf Aprans**
>**BBO NO: 670434**
>88 Black Falcon Avenue
>Suite 200
>Boston, MA 02210
>(617) 723-9165
>Fax#: (617) 720-3489
>Email: oaprans@clinmuzyka.com

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 17, 2018.

>"/s/ Olaf Aprans"
>Olaf Aprans