**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**AMANDA ARNOLD,**
    **Plaintiff,**　　　　　　　　　　　**Civil Action No.: 17-10432-DJC**

**VS.**

**THE WOODS HOLE, MARTHA'S**
**VINEYARD AND NANTUCKET**
**STEAMSHIP AUTHORITY,**
    **Defendant.**

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE**
**EVIDENCE FROM PLAINTIFF'S DECEMBER 29, 2017 INSPECTION**

Now comes the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (hereinafter the "Steamship Authority"), in the above captioned civil action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and hereby submits its Motion In Limine to Preclude Evidence from Plaintiff's December 29, 2017 Inspection pursuant to F.R.E. 702, 401 and 403.

**BACKGROUND**

This incident occurred on September 30, 2016.  Plaintiff was quick to retain counsel and on October 11, 2016, Plaintiff's counsel served the Steamship Authority with a litigation hold request letter advising under threat of sanctions for spoliation not to alter or modify the woman's bathroom door and closer onboard the M/V EAGLE. ***Litigation Hold Request, attached hereto as Exhibit 1.***   Plaintiff, nonetheless did not seek to inspect this door and closer until much later, and Plaintiff's experts inspected the door and closer on December 29, 2017- over one year later.

Following receipt of the litigation hold request letter, the Steamship Authority in conjunction with a Marine Surveyro inspected the door on October 19, 2016 and found it to be operating within normal parameters. The door closing was videotaped and it closed in approximately four [4] seconds. The manufacturer of the closer, Dorma, recommends that the door closes between 3-6 seconds.

While the door and closer were preserved unaltered pursuant to Plaintiff's counsel's demand, the door was used by passengers between September 30, 2016 and December 29, 2017. No adjustments were made and because of the use without adjustments, the door closure was altered and was not representative of how it closed on October 19, 2016. The Steamship Authority services approximately 3 million passengers annually.

Plaintiff seeks to introduce at trial the expert testimony of Michael Panish and Charles Cushing utilizing this December 29, 2017 inspection information. Any evidence from this inspection should be precluded because it is not relevant and because it is not a reliable method to establish the condition and operation of the door at the time of the incident on October 19, 2018.

## ARGUMENT

In personal injury cases, evidence from inspections are allowed if they are probative, reliable, and will not inflict unfair prejudice. Generally, when inspections occur too far remote in time from the accident at issue, they are excluded from evidence on both relevance grounds and on the grounds of reliability. *LeBoeuf v. K-Mart Corp.*, 888 F.2d 330, 333 (5th Cir. 1989); *Bailey v. Stanley Access Technologies, Inc.*, 2015 WL 6828921 at *10 (N.D. Miss. Nov. 6, 2015).

Here, the conditions and operation of the door on December 29, 2017 are not probative because the door was not functioning the same as it was in the Fall of 2016. This

is easily confirmed in video footage taken on October 19, 2016.  Plaintiffs will seek to establish at trial that the door closed just as fast and with just as much force as it did on December 29, 2017, which we know cannot be true based on the footage obtained.[1]

Admission of evidence from the December 29, 2017 inspection about the condition and operation of the door will be unfairly prejudicial to the Defendant.  The jury will likely and improperly conclude that the door performed the same on September 30, 2016.  This unfair prejudice appears to be of Plaintiff's counsel's design, as she demanded that the closer not be adjusted, yet did not schedule an inspection until over one year later.

This is not the first time Mr. Panish has sought to offer unreliable opinions based on tardy inspections.  In *Bailey v. Stanley Access Technologies, Inc.,* 2015 WL 6828921 at *10 (N.D. Miss. Nov. 6, 2015), the Northern District of Mississippi properly excluded Mr. Panish from offering testimony about a door based on an inspection occurring eighteen months after the fact.

Here, the Court should likewise exclude any evidence arising from the December 29, 2017 inspection because it is not relevant to the door and closer's actual condition and performance on the date of the injury and whether the Steamship Authority had actual notice and opportunity to cure any hazard onboard the M/V EAGLE prior to September 30, 2016.

WHEREFORE, Defendant respectfully moves this Honorable Court that all evidence from the December 29, 2017 inspection should be precluded.

---

[1] ***A copy of the video will be brought to the Pre-Trial conference for review by the Court if requested.***

4

By its attorneys,
**CLINTON & MUZYKA, P.C.**

*/s/ Olaf Aprans*

**Thomas J. Muzyka**
**BBO NO: 365540**
**Olaf Aprans**
**BBO NO: 670434**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
(617) 723-9165
Fax#: (617) 720-3489
Email: oaprans@clinmuzyka.com

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 17, 2018**.**

*/s/ Olaf Aprans*

Olaf Aprans
