UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMANDA ARNOLD,
    Plaintiff,                                     Civil Action No.: 17-10432-DJC

VS.

THE WOODS HOLE, MARTHA'S
VINEYARD AND NANTUCKET
STEAMSHIP AUTHORITY,
    Defendant.

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF OTHER INCIDENTS ON RELEVANCE GROUNDS (F.R.E. 401 AND 403)**

Now comes the Defendant, the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (the "Steamship Authority"), in the above-entitled action, by and through its counsel of record, Clinton & Muzyka, P.C., and hereby submits its Motion *In Limine* to Preclude Evidence of Prior Incidents on Relevance Grounds (F.R.E. 401 and 403).

Plaintiff alleges that on September 30, 2016, she broke her ring and middle fingers when she placed them between the hinge side of the door jamb and the ladies' bathroom door onboard the M/V EAGLE.  Plaintiff seeks to admit evidence of other incidents on not only this vessel, but the *entire Steamship Authority fleet*, to show notice and opportunity to cure.  Plaintiff should not be allowed to do offer this evidence because the other incidents` are irrelevant under F.R.E. 401 and will be unfairly prejudicial and confusing even if relevant under F.R.E. 403.

The other incidents, indeed, involved different locations, speeds, weather conditions, personnel, equipment, passengers and injuries. Many of the other

2

"incidents" do not involve any claim at all. None of them are known to involve a circumstance where a passenger places his or her fingers between the hinge side jamb and the closing door of the woman's head on the EAGLE. Many appear to involve children misusing the doors on other vessels. Three [3] of the incidents occurred subsequent to Plaintiff's injury and will serve no purpose other than to unfairly prejudice the Defendant.

The other incidents cannot be germane to notice and the opportunity to cure the M/V EAGLE woman's head door, because it cannot be reasonably expected that passengers will place their fingers between the hinge side jamb and a closing door in any door, let alone the one at issue. Fingers getting caught on doors is a reality everywhere and does not in itself indicate a problem, as this is a common mistake. The prior incidents do not occur with enough frequency to indicate notice and opportunity to cure any known defect or hazard.

WHEREFORE, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority respectfully moves this Honorable Court to preclude all evidence of other incidents as irrelevant because none of them are substantially similar to the case at issue.

Respectfully submitted,
By its attorney,
**CLINTON & MUZYKA, P.C.**

*/s/ Olaf Aprans*

_____
**Thomas J. Muzyka
BBO NO: 365540
Olaf Aprans
BBO NO: 670434**

3

>88 Black Falcon Avenue
>Suite 200
>Boston, MA 02210
>(617) 723-9165
>Fax#: (617) 720-3489
>Email: oaprans@clinmuzyka.com

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 17, 2018.

>"/s/ Olaf Aprans"
>Olaf Aprans