**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**AMANDA ARNOLD,**
  **Plaintiff,**          Civil Action No.: 17-10432-DJC

**VS.**

**THE WOODS HOLE, MARTHA'S**
**VINEYARD AND NANTUCKET**
**STEAMSHIP AUTHORITY,**
  **Defendant.**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF**
**OTHER INCIDENTS ON HEARSAY GROUNDS (F.R.E. 801)**

Now comes the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the above-entitled action, by and through its counsel of record, Clinton & Muzyka, P.C., and hereby submits its Memorandum in Support of Motion *In Limine* to Preclude Evidence of Other Incidents on Hearsay Grounds (F.R.E. 801).

**INTRODUCTION**

Plaintiff alleges that on September 30, 2016 she broke her right ring and middle fingers when she placed them between the door and hinge side jamb onboard the M/V EAGLE. Plaintiff seeks to admit evidence of other incidents on this vessel to show notice and opportunity to cure. Plaintiff should not be allowed to do this because the prior incidents are irrelevant under F.R.E. 401 and will be unfairly prejudicial and confusing even if relevant under F.R.E. 403. Accordingly, Defendant has moved to exclude this evidence on relevance grounds.[1]

---

[1] *See Motion In Limine* to Preclude Evidence of Prior Incidents on Relevance Grounds of even date herewith.

2

In the alternative, and if the Court is going to admit evidence of prior incidents, Defendant moves to exclude evidence of prior incident reports and any other out of court statement offered for the truth of the matter on the grounds that it is inadmissible hearsay pursuant to F.R.E. 801.

## FACTS

For purposes of brevity, Defendant incorporates herein by reference the facts set forth in its *Memorandum in Support of Motion in Limine to Preclude Evidence on Relevance Grounds* of even date herewith.

Defendant attaches hereto the Incident Reports referenced therein as **Exhibits 1-4.** These incident reports are prepared by the purser and generally signed by the Master. They are completed based on reports of the passenger, and are not based on the personal knowledge of the purser or master completing the incident report. **See Exhibit 5, Parent Dep., pp. 77-78.** They are not prepared regularly, and only in the event there is an incident. **Id.**

## ARGUMENT

F.R.E. 801 precludes out of court statements offered for the truth of the matter asserted. Here, the incident reports manifest out of court statements offered to show that incidents occurred onboard the M/V EAGLE. They quintessentially fall within the scope of inadmissible hearsay. *Brown v. Crown Equipment Corp.,* 445 F.Supp.2d 59, 64-65 (D.Me. 2006); *Rye v. Black & Decker Mfg. Co.,* 889 F.2d 100 (6th Cir. 1989).

Plaintiff will argue that the incident reports fall under two exceptions to the hearsay rule: (1) an admission of a party opponent (F.R.E. 801(d)(2)(B)), and (2) a "business record." (F.R.E. 803(6)).

3

The incident reports are not admissions of Defendant, as they are merely recordings of incidents as reported by the passengers. They do not constitute an "admission" that the reported injury is indeed genuine. *Brown,* 445 F.Supp.2d at 65.

Nor are the incident reports "business records." To be a "business record" under F.R.E. 803(6), the incident reports must meet <u>all</u> of the following criteria, none of which apply here:

> A. *The record was made at or near the time by – or from information transmitted by- someone with knowledge;* - **Not so. The reports are prepared by Defendant's personnel, which do not have personal knowledge of the incident. Some reports are prepared well after the incident.**
>
> B. *The record was kept in the course of the regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit.* – **Not so. The reports are only prepared in the event of an incident, which is not regular enough to show reliability.**
>
> C. *Making the record was a regular practice of that activity.* **Not so. See above.**
>
> D. *All these conditions are shown by the testimony of the custodian or another qualified witness . . . .* **Not so. No employee of Defendant is able to certify that the incident reports qualify as the business record exception to the hearsay rule based on the above criteria.**
>
> E. *Neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.* **Not so. The reports are prepared based on information provided by passengers whose trustworthiness has not been confirmed and is suspect on account they may claim compensation.**

This case is similar to *Brown v. Crown Equipment Corp.,* 445 F.Supp.2d 59 (D. Me. 2006). In that case, the Plaintiff sought to admit incident reports into evidence to

4

show evidence of negligence, arguing that the reports manifested admissions and business records exceptions to the hearsay bar.  The Court properly rejected Plaintiff's arguments holding that the incident reports do not qualify as hearsay exceptions under the appropriate standard and precluded the evidence.

**WHEREFORE,** Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court grant the foregoing Motion and Exclude Evidence of Prior Incidents as Hearsay, and preclude the admission of all incident reports and any other hearsay evidence of prior injury.

Respectfully submitted,

By its attorney,
**CLINTON & MUZYKA, P.C.**

*/s/ Olaf Aprans*
_____

**Thomas J. Muzyka
BBO NO: 365540
Olaf Aprans
BBO NO: 670434**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
(617) 723-9165
Fax#: (617) 720-3489
Email: oaprans@clinmuzyka.com

\

5

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 17, 2018.

"/s/ Olaf Aprans"
Olaf Aprans