# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**AMANDA ARNOLD,**
      **Plaintiff,**                                  **Civil Action No.: 17-10432-DJC**

**VS.**

**THE WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY,**
      **Defendant.**

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SPEED AND FORCE STANDARDS

Now comes the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (hereinafter the "Steamship Authority"), in the above captioned civil action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and hereby submits its Memorandum in Support of its Motion In Limine to Preclude Evidence of Speed and Force Standards.

## ARGUMENT

Under the General Maritime Law, evidence of a standard or regulatory violation is admissible to show negligence if the safety standard or regulation is designed to protect the party who was injured _against the type of injury which occurred._  *Moody v. Boston and Maine Corp.,* 921 F.2d 1, 2 (1st Cir. 1990).  This is the same standard applicable under Massachusetts State Law, whereby "[a] violation of a statute, ordinance or regulation, although not conclusive, is evidence of negligence on the part of a violator as to _all the consequences that the statute ordinance or regulation was intended to prevent._"  *Arraj v. U.S.,* 95 F.Supp.3d 150, 157 (D. Mass. 2015) (quoting *Aleo v. SLB Toys USA, Inc.* 466 Mass. 398, 408 (2013)) (underscoring our emphasis).

Here, Plaintiff seeks to admit evidence as to the speed and force standards that are set forth by various government and non government organizations. Dorma, the manufacturer of the door closer, recommends a 3-6 second closing speed. The Americans with Disabilities Act recommends a minimum 5 second closing speed. The Massachusetts building code recommends a 6 second closing speed. Force standards are likewise promulgated.[1]

Closing speed and force regulations and standards should not be admitted to show negligence in this case because they are not intended to create a handle on the hinge side jamb of the door. These standards exist to prevent individuals from being hit by doors as they enter and exit rooms. In this case, it is undisputed that the Plaintiff exited the woman's bathroom on the M/V EAGLE safely and that the closing speed of the door gave her enough time to exit without being hit by the door. Plaintiff's injury did not occur until she grabbed the hinge side jamb after she exited the door.

In essence, Plaintiff will argue that had the door closed more slowly and with less force, she would have had more time to remove her hand from this dangerous location. The purpose of the safety standards concerning doors are not to create more time for individuals to stick their hands between the door and hinge side jamb and Plaintiff should not be permitted to submit this theory of liability to the jury. Evidence of such standards and regulations will only serve to unfairly prejudice the Defendant and confuse the issue.

There are limited cases that address fingers being caught between the hinge side jamb and doors. This is likely because common sense acts as a general bar to such claims because prudent counsel decline to prosecute them. Of the reported decisions available, it

---

[1] See *Defendant's Memorandum of Law in Support of Motion in Limine to Preclude Evidence of Regulation and Standard Violations*, which addresses whether these standards are actually applicable to the M/V EAGLE, an inspected passenger vessel.

is important to note that almost all of them are dismissed on summary judgment despite evidence of the doors closing too quickly or with too much force in violation of standards and regulations.   This is so because courts routinely hold that the speed and force of the doors cannot be the proximate cause of such injuries.  *Cremeans v. Speedway Superamerica, LLC,* 196 Fed.Appx. 401 (6th Cir. Sept. 5, 2006); *Ray v. GPR Hospitality, LLC,* 2015 WL 12683828 at *5 (N.D. Ga. Sept. 30, 2015); *Beman v. K-Mart Corp.,* 232 Ga. App. 219, 221 (1998); *Parker v. Felco Lodging Trust, Inc.,* 2010 WL 3717308 at * 2 (N.D. Ga. Sept. 24, 2010).  Accordingly, the speed and force regulations and standards that Plaintiff seek to introduce at trial are not relevant to the issue of negligence because they are not the cause of the injury.  Such regulations and standards, therefore should be precluded from evidence pursuant to F.R.E. 401, 402 and 403.

WHEREFORE, the Defendant respectfully prays that the Honorable Court grant the foregoing motion and preclude all evidence as to speed and force standards and regulations from trial.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

*/s/ Olaf Aprans*

**Thomas J. Muzyka**
**BBO NO: 365540**
**Olaf Aprans**
**BBO NO: 670434**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
(617) 723-9165
Fax#: (617) 720-3489
Email: oaprans@clinmuzyka.com

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 18, 2018**.**

*/s/ Olaf Aprans*

Olaf Aprans