UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMANDA ARNOLD,<br>       **Plaintiff,**<br><br>VS.<br><br>THE WOODS HOLE, MARTHA'S VINEYARD<br>AND NANTUCKET STEAMSHIP AUTHORITY,<br>       **Defendant.** | Civil Action No.: 17-10432-DJC<br><br><br>District Judge Denise J. Casper |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO MICHAEL PANISH'S CASE THAT IS CURRENTLY ON APPEAL**

Now comes the Plaintiff in this above captioned matter who by and through her attorneys submits this Memorandum in Support of Plaintiff's Motion *in Limine* to Exclude References to Michael Panish's Case that is Currently on Appeal.

## INTRODUCTION

Defendant may seek to introduce unverified hearsay statements allegedly attributed to plaintiff's expert Michael Panish as well as events that are highly inflammatory and irrelevant to the issues at hand in this case and which arise from a matter that are the subject of an appeal to the Third Circuit Court of Appeals. These statements should be excluded as irrelevant, prejudicial and hearsay pursuant to Federal Rules of Evidence Rule 402, 403 and 801.

## FACTUAL BACKGROUND

Plaintiff, Amanda Arnold, was 31 years old and travelling aboard the Defendant's passenger ferry the M/V *EAGLE* to Nantucket on September 30, 2016. Approximately half-way through the trip Ms. Arnold exited the women's bathroom. As she was exiting through the bathroom door, the boat rolled and Ms. Arnold attempted to brace herself on the only thing she

1

could – the wall, which had no handrail, and the door frame. In that instant, the door, which should have had a mechanism that slowly closed the large heavy door, slammed shut on her fingers trapping them until she was freed by a nearby passenger who came to her aid and was able to open the door. The ends of Ms. Arnold's ring and pinky fingers were nearly amputated. Ms. Arnold underwent surgery to her fingers and today she still suffers from permanent pain, loss of sensation, disfigurement and disability to her fingers, hand and arm (as agreed to by Defendant's expert).

Ms. Arnold's injuries are a result of Defendant's failure to properly maintain and adjust the door closer device affixed to the women's bathroom door, use of a door too heavy for the door closer and failure to provide an accessible handrail adjacent to this critical public doorway, despite having had similar injuries occur with this same door and in the same manner.

## **ARGUMENT**

Plaintiff respectfully requests that Defendant be precluded from offering any evidence or argument suggesting to or referring to the following matters at trial or any statements allegedly attributed to Mr. Panish in a matter where he was retained as an expert and cited to by Defendants in their motion to exclude Mr. Panish as an expert by the plaintiff in the matter of *Ruehl v. S.N.M. Enterprises, Inc.*. Plaintiff requests that the Court bar testimony or evidence regarding this prior lawsuit from being discussed or introduced as doing so would allow Defendant to obtain a fair and impartial outcome. *U.S. v. Brodhead*, 714 F. Supp. 593, 595 (D. Mass. 1989).

Under the Federal Rules of Evidence, only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed.

R. Evid. 401; see also *U.S. v. Abel*, 469 U.S. 45, 51, 105 S.Ct. 465, 458, (1984). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, wasting time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; see also *U.S. v. Majeroni*, 784 F.3d 72, 76 (1st Cir. 2015) ("In exercising their broad discretion under Rule 403, trial judges have a feel for the evidence and the courtroom that is difficult to replace on the pages of a transcript, so our deference to judgment calls [regarding evidence] is great."). For the reasons set forth below, the following evidence is not only irrelevant to these proceedings, but there is no probative value and it would only be offered to induce unfair prejudice, confusion of issues and mislead and inflame the jury. Certainly, it will cause an undue delay and waste of time. Finally, any hearsay statements attributed to Mr. Panish from the *Ruehl* matter should also be excluded pursuant to Federal Rule 801.

It is respectfully requested that these rulings be made by the Court before the trial given the risk of unfair prejudice, confusion of issues, and misleading the jury that could result if any of the topics listed below are even mentioned during Defendant's opening. In the event this Court does not outright exclude a given matter discussed below, Plaintiff respectfully requests that a mandatory limiting instruction as to its proper use be given upon its admission and each and every time thereafter as such a reference is made, as provided for in Federal Rule of Evidence 105.

Plaintiff respectfully requests that Defendant be precluded from offering any evidence or argument suggesting to or referring to the following matters at trial:

Plaintiff's expert Michael Panish's involvement or any statements in the matter of *Ruehl v. S.N.M. Enterprises, Inc.*, which is currently on appeal in the United States Court of Appeals

for the Third Circuit, Case Number 18-3140, Lower Court Docket Number 1-15-CV-00168. Two unpublished opinions were handed down by the Magistrate Judge at the District Court Level: *Ruehl v. S.N.M. Enterprises, Inc.*, 2017 WL 5749560 (M.D. Pa. Nov. 28, 2017) and 2018 WL 3495131 (M.D. Pa. July 20, 2018). *Ruehl* arose out of a wrongful death lawsuit in which a woman who fell outside of a hotel, resulting in her death. *Ruehl*, 2017 WL 5749560 at *2 (M.D. Pa. Nov. 28, 2017). Plaintiffs in that case retained Michael Panish as an expert. *Id.* The retention agreement between the plaintiffs' counsel and Mr. Panish explicitly stated "Mr. Panish retains the right to approve video deposition." *Id.* An order was handed down in that case allowing the defendant to record Mr. Panish's deposition by video and stenographic. *Id.* at 3. A dispute between Mr. Panish and plaintiff's counsel arose when the court denied plaintiff's counsel motion for a protective order regarding the videotaped deposition testimony. *Id*. As a result of the disagreement, plaintiff's counsel filed for sanctions against Mr. Panish and alleged that Mr. Panish had made various disparaging statements against the judge and the decedent. *Id.* at *3.

Plaintiff's counsel was unaware of the claims made and decisions rendered in the *Ruehl* matter, until reviewing the instant Defendant's motions *in limine* last week. Plaintiff's counsel contacted Mr. Panish in November 2017 to assist in this matter, before these *Ruehl* decisions were issued. Mr. Panish has at all times acted courteously and professional during this lawsuit. Any references to Mr. Panish's statements allegedly made in the *Ruehl* lawsuit or the fact that sanctions were levied against Mr. Panish (which, as aforementioned, Mr. Panish is currently appealing) will be highly prejudicial to Plaintiff in this matter and have no probative value as they are irrelevant as to the reliability of Mr. Panish's opinion regarding the door and door closing device in the lawsuit presently before the Court. As such, the Court should bar

Defendant from bringing up any and all references to Mr. Panish's conduct in the *Ruehl* case pursuant to Fed. R. Evid. 403. Likewise, unverified hearsay statements attributed to Mr. Panish are also irrelevant and are far more prejudicial than probative of the issues at hand in his matter and should therefore be barred under Federal Rules 403 and 801.

Dated: December 21, 2018  Respectfully submitted,

Plaintiff's Counsel

By: /s/ Shannon Pennock
Pennock Law Firm LLC
*Pro Hac Vice*
411 Lafayette Street, 6th Floor
New York, NY 10003
(551) 200-6352
Fax #: (929) 235-7273
shannonpennock@pennocklawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, a copy of the above document filed through the ECF system was sent electronically to the counsel listed below:

CLINTON & MUZYKA, P.C.
Thomas J. Muzyka
BBO NO: 356640
Olaf Aprans
BBO NO: 670434
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
(617) 723-9165
Fax: (617) 720-3489
Email: tmuzyk@clinmuzyka.com

                                            By: /s/ Shannon Pennock
                                            Shannon M. Pennock
                                            *Pro Hac Vice*
                                            411 Lafayette Street, 6th Floor
                                            New York, NY 10003
                                            (551) 200-6352
                                            Fax #: (929) 235-7273
                                            shannonpennock@pennocklawfirm.com