UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMANDA ARNOLD,<br>　　　　Plaintiff,<br><br>VS.<br><br>THE WOODS HOLE, MARTHA'S VINEYARD<br>AND NANTUCKET STEAMSHIP AUTHORITY,<br>　　　　Defendant. | Civil Action No.: 17-10432-DJC |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF SURREPTITITOUS PHOTOS AND VIDEOS

Now comes the Plaintiff in the above entitled matter and by and through her attorneys submits Plaintiff's Opposition to Defendant's motion *in limine* to preclude evidence of what Defendant has termed "surreptitious" photographs and videos. For the following reasons, Defendant's motion *in limine* should be denied.

### FACTS

Plaintiff, Amanda Arnold, was 31 years old and travelling aboard the Defendant's passenger ferry the M/V *EAGLE* to Nantucket on September 30, 2016. Approximately half-way through the trip Ms. Arnold exited the women's bathroom. As she was exiting through the bathroom door, the boat rolled and Ms. Arnold attempted to brace herself on the only thing she could – the wall, which had no handrail, and the door frame. In that instant, the door, which should have had a mechanism that slowly closed the large heavy door, slammed shut on her fingers trapping them until she was freed by a nearby passenger who came to her aid and was able to open the door. The ends of Ms. Arnold's ring and middle fingers were nearly amputated. Ms. Arnold underwent surgery to her fingers and today she still suffers from permanent pain, loss of sensation,

disfigurement and disability to her fingers, hand and arm (as agreed to by Defendant's expert).

Ms. Arnold's injuries are a result of Defendant's failure to properly maintain and adjust the door closer device affixed to the women's bathroom door, use of a door too heavy for the door closer and failure to provide an accessible handrail adjacent to this critical public doorway, despite having had similar injuries occur with this and other doors and in the same manner.

## ARGUMENT

In May 2017, Plaintiff's counsel hired a private investigation service, The Mason Group, Inc., to take videos and photographs of the ship on which the Plaintiff suffered her injuries, the M/V *EAGLE*. The Defendant has had these videos on their possession since June 2017. In Plaintiff's response to Defendant's First Request to Produce Documents, Plaintiff responded to Request No. 34 as follows:

- REQUEST NO. 34. All photographs and video-recordings of the location of the incident, the injuries allegedly sustained by the plaintiff, the condition that allegedly caused the plaintiff's injury, or other items relevant to the subject matter of this litigation.

- RESPONSE NO.34. Plaintiff objects to the request as vague and ambiguous. Discovery is ongoing and such information is more easily accessible to the Defendant. Subject to without waiving this objection, please find attached video and photographs taken on May 17, 2017 as Exhibit J.

(Ex. A, Plaintiff's Response to Defendant's First Request to Produce Documents, June 30, 2017).

Plaintiff's counsel did not receive any follow-up discovery request in the form of either an interrogatory or in Defendant's Second Request for Production as to who specifically took these photographs and videos or any other request for information regarding them.

During Plaintiff's deposition, Defendant asked Ms. Arnold if she knew if anyone had been on board the boat since May 2017 to take videos and photographs:

Q. Do you know if anyone else has been on board the

    motor vehicle vessel Eagle since May of 2017 for
    the purpose of taking videos and photographs?
    A. Not to my knowledge, no.

(Ex. B, Dep. of Amanda Arnold ("Arnold Dep."), 181:2-5, Dec. 13, 2017)

  Of note, Defendant did not ask Ms. Arnold if she knew the identity of the person who took the videos and photographs of the M/V *EAGLE* in May 2017. Defendant had ample opportunity during or after Ms. Arnold's deposition to follow-up to determine who took the videos and photographs that were produced in Plaintiff's Response to Defendant's First Request for Production, but Defendant did not do so. As explained below, Defendant had the identity of who took these photos and videos long before discovery concluded. In any event, Defendant's lack of diligence in requesting the identity of the person who took these videos and photographs, which we now know defense counsel did not realize they already had in their file, is not sufficient reasoning to preclude Plaintiff from introducing the videos and photographs into evidence.

  Both of Plaintiff's experts, Michael Panish and Dr. Charles Cushing, listed the videos with their expert reports as part of the materials they relied upon in forming their opinions. On page 2 of Michael Panish's report in this matter, he listed the video in his "Assessment Approach" section as part of the materials he reviewed: "A video showing the closing of the women's and men's bathroom door that was taken in May 2017" (Ex. C. Report of Michael Panish, February 2, 2018). Similarly, Dr. Charles Cushing listed in his Appendix A, "Documents Reviewed", attached to his report in this matter dated February 2, 2018 at number 23: "Mason Group Videos, Eagle Video's [sic] 17 May 2017". (Ex D, Appendix A to Dr. Cushing Report, Feb. 2, 2018, "Documents Reviewed"). Defendant chose not to depose either of Plaintiff's experts and, therefore, did not avail themselves of the opportunity to ask either expert if they were aware of the identity of the person who took the videos that they reviewed and relied upon in forming their opinions. Plaintiff

should not be precluded from introducing properly and timely disclosed evidence simply because defense counsel failed to obtain information it wanted, which, with incredible irony, defense counsel has had all along.[1]

These videos were produced to Defendant once again on August 24, 2018, in Plaintiff's Responses to Defendant's Second Requests for Production of Documents to Plaintiff:

- REQUEST NO. 45: The complete files of all experts you intend to call to testify on your behalf at trial, including, without limitation, all note, survey reports, inspection reports, records, photographs, measurements, reports, curriculum vitae, qualifications, publication lists, documents, invoices, bills, statements, and evidence relied upon and/or reviewed.

- RESPONSE NO. 45. Plaintiff objects on the basis this information is protected by the Attorney Work Product doctrine. Plaintiffs further object on the basis that said expert reports were already provided in February of 2018. Nevertheless and without waiver, please see the accompanying the two enclosed CDs for both Mr. Panish and Dr. Cushing.

On the CDs enclosed with this response, the videos were produced within a folder titled "Mason Group Videos". Thus, there was no mystery or hiding of the ball. In 30 seconds they could have Googled the Mason Group investigations or, better yet, simply emailed Plaintiff's counsel and asked to confirm who took them. However, again, Defendant did not follow-up with any discovery requests or requests for clarification in an e-mail about the identity of the person who took these videos.

Also, Plaintiff's counsel told defense counsel that a private investigation firm took the videos and photographs while on break during a deposition in this matter. Defense counsel did not follow-up with a formal discovery request for the specific identity of the person who took these

---

[1] At a deposition, defense counsel mockingly, and on the record, suggested that Plaintiff's counsel was Don Quixote because of her pursuit of this case and asked her if she had read the book. (Exhibit E, Dep. of James J. Corbett, at 147:2-5, Jan. 19, 2018). Perhaps Mr. Aprans should more time reviewing his own file as he introduced at least three of these photographs into evidence during Plaintiff's deposition.

videos and photographs or even a vague deposition request for whomever took the videos.

Finally, Plaintiff has listed in her Pretrial Disclosure (initially served on December 7, 2018, over a month before trial) under "Witnesses/Affiants Plaintiff Expected to Present" Mr. Patrick J. Mason. Mr. Mason of the The Mason Group, Inc., is the person that took the photographs and videos of the M/V *EAGLE* on May 17, 2017 and will be available to counsel for both Plaintiff and Defendant to answer any questions about this evidence.

Defendant has had these photographs and videos in their possession for the last 18 months. They have not been prejudiced in any way from finding out who took the video and photographs. As such, the Court should deny Defendant's motion *in limine* to exclude the videos and photographs taken in May 2017 by The Mason Group, Inc.

Dated: December 27, 2018                    Respectfully submitted,

                                            Plaintiff's Counsel

                                            By: /s/ Shannon Pennock
                                            Pennock Law Firm LLC
                                            *Pro Hac Vice*
                                            411 Lafayette Street, 6th Floor
                                            New York, NY 10003
                                            (551) 200-6352
                                            Fax #: (929) 235-7273
                                            shannonpennock@pennocklawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 27, 2018, that a true and correct copy of the foregoing document was served upon counsel of record by electronic mail through the U.S. District Court, District of Massachusetts, electronic case filing system.

      By: /s/ Shannon Pennock
Pennock Law Firm LLC
*Pro Hac Vice*
411 Lafayette Street, 6th Floor
New York, NY 10003
(551) 200-6352
Fax #: (929) 235-7273
shannonpennock@pennocklawfirm.com