UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMANDA ARNOLD,<br>         **Plaintiff,**<br><br>VS.<br><br>THE WOODS HOLE, MARTHA'S VINEYARD<br>AND NANTUCKET STEAMSHIP AUTHORITY,<br>         **Defendant.** | Civil Action No.: 17-10432-DJC |

## PLAINTIFF'S TRIAL BRIEF

Now comes the Plaintiff in the above entitled matter and by and through her attorneys submits Plaintiff's Trial Brief seven days before trial pursuant to Local Rule 16.5(f).

### ARGUMENT

**A. Maritime Law**

Plaintiff agrees with Defendant that maritime law applies.  In maritime cases, a defendant owes a duty of ordinary reasonable care under the circumstances. *Everett v. Carnival Cruise Lines*, 912 F. 2d 1355, 1358 (11th Cir. 1990).  Therefore, in this case the Court should hold that Defendant owed Plaintiff a duty of ordinary, reasonable care under the circumstances and charge the jury accordingly.

The Court should also consider the maritime rule regarding comparative negligence. Under Massachusetts law, a plaintiff cannot recover if the plaintiff is found to be more than 50% negligent.  M.G.L. ch. 231, § 85*; see also  Carey v. Bahamas Cruise Lines*, 864 F.2d 201, 207 (1st Cir. 1988).  However, when applying maritime law, courts are to apply the pure comparative negligence standard and a plaintiff's negligence is considered only with respect to the mitigation of damages.  *Id.* at 205 (citing *United States v. Reliable Transfer Co.*, 421 U.S. 397, 407, 95

S.Ct. 1708, 1713, 44 L.Ed.2d 251 (1975); *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 629, 79 S.Ct. 406, 409, 3 L.Ed.2d 550 (1959)).  Therefore, in this case, the Court should apply pure comparative negligence when charging the jury.

### B.  Conclusion

For all the foregoing reasons, the Court should apply maritime substantive law, and charge the jury that Defendant owed Plaintiff a duty of reasonable care and when determining the damages, the Court should apply the pure modified comparative negligence standard.

Dated:  January 7, 2019                           Respectfully submitted,

                                                  Plaintiff's Counsel

                                                  By: /s/ Paul Pennock
                                                  Weitz & Luxenberg
                                                  *Pro Hac Vice*
                                                  700 Broadway,
                                                  New York, NY 10003
                                                  (212) 558-5549
                                                  ppennock@weitzlux.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2019, that a true and correct copy of the foregoing document was served upon counsel of record by electronic mail through the U.S. District Court, District of Massachusetts, electronic case filing system.

**WEITZ & LUXENBERG, P.C.**

By: /s/ Paul Pennock
Weitz & Luxenberg
*Pro Hac Vice*
700 Broadway
New York, NY 10003
(212) 558-5549
ppennock@weitzlux.com