UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMANDA ARNOLD,
    Plaintiff,

Civil Action
No.: 17-10432-DJC

vs.

THE WOODS HOLE, MARTHA'S
VINEYARD AND NANTUCKET
STEAMSHIP AUTHORITY,
    Defendant.

## DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND ALTERNATIVE MOTION FOR REMITTITUR AND/OR NEW TRIAL

Now comes the Defendant, the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (the "Steamship Authority"), in the above-entitled action, by and through its counsel of record, Clinton & Muzyka, P.C., and hereby submits its *Renewed Motion for Judgment as a Matter of Law pursuant to Fed.R.Civ.P. 50(b)* and *Alternative Motion for Remittitur* and/or *New Trial pursuant to Fed.R.Civ.P. 50(b) and 59.*

The evidence in the light most favorable to the Plaintiff shows that the ladies' bathroom door on the M/V EAGLE may have closed faster and with more force than anticipated, but this alone cannot establish liability. Plaintiff's case in chief fails on two fatal fronts: (1) the alleged dangerous condition on the M/V EAGLE (a slamming door and no handrails) was open and obvious, and (2) there is no evidence, via expert opinion or otherwise, that the slamming door and lack of handrails were the "but for" or proximate causation of Plaintiff's fingertip injury. Plaintiff has failed to show in any

2

sense, indeed, that her injury would have been prevented had the door been working within the Americans with Disabilities Act and other voluntary standards for which her expert witnesses advocate.  Simply put, there is nothing that a shipowner can do to prevent passengers from being injured if they place their fingers between a closing door and the hinge side door frame.  The expert testimony about the perceived failures of the door closer and hand rail system are nothing more than a red herring.  Accordingly, Plaintiff has failed to provide evidence essential to her claim and Judgment as a Matter of Law should be entered pursuant to Fed.R.Civ.P. 50(b) directing verdict for the Defendant notwithstanding the jury award.

In the alternative, the Defendant respectfully moves that the Court exercise its discretion to alter or amend the Judgment issuing either (a) a remittitur reducing the award or (b) requiring a new trial pursuant to Fed.R.Civ.P. 59.  The clear weight of the evidence cannot support (1) the jury's finding of no comparative fault and (2) the excessive award in this pain and suffering case.  The evidence adduced at trial, indeed, unequivocally shows that the Plaintiff was not paying attention to where she was going and where she was placing her fingers at the time of her injury.  This cannot support a finding of absolutely no comparative fault.  Further, the pain and suffering award is excessive, disproportional, and evidently designed to improperly compensate the Plaintiff for her attorneys' fees and expert costs.

WHEREFORE, and for the reasons set forth in the accompanying Memorandum and in the previous Memorandum filed as ***Document 145***, Defendant respectfully moves that the Honorable Court enter Judgment as  Matter of Law in favor of the Defendant notwithstanding the Jury's Verdict pursuant to Fed.R.Civ.P. 50(b), or, in the alternative,

enter a remittitur of the Judgment and/or grant a new trial pursuant to Fed.R.Civ.P. 59.

>Respectfully submitted,
>By its attorney,
>**CLINTON & MUZYKA, P.C.**
>
>*/s/ Thomas J. Muzyka*
>**Thomas J. Muzyka**
>**BBO NO: 365540**
>**Olaf Aprans**
>**BBO NO: 670434**
>88 Black Falcon Avenue
>Suite 200
>Boston, MA 02210
>(617) 723-9165
>Fax#: (617) 720-3489
>Email: Tmuzyka@clinmuzyka.com

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.2, I further certify that I will cause the above document to be filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non- registered participants on February 13, 2019**.**

>"/s/ Thomas J. Muzyka"
>Thomas J. Muzyka