## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**AMANDA ARNOLD,**
      **Plaintiff,**

                                        **Civil Action**
                                        **No.: 17-10432-DJC**

**vs.**

**THE WOODS HOLE, MARTHA'S**
**VINEYARD AND NANTUCKET**
**STEAMSHIP AUTHORITY,**
      **Defendant.**

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S BILL OF COSTS

Now comes the Defendant, the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (the "Steamship Authority"), in the above-entitled action, by and through its counsel of record, Clinton & Muzyka, P.C., and hereby submits its Opposition to Plaintiff's Bill of Costs.

### INTRODUCTION

Plaintiff has submitted a Bill of Costs seeking reimbursement for items not covered by 28 U.S.C. § 1920. Further, many of the costs Plaintiff claims to have incurred are wholly unnecessary, unsupported, and excessive. Accordingly, and as set forth in detail below, the Court should exercise its discretion to decline an award of costs, or, in the alternative, limit costs to $123.21.

2

## ARGUMENT

### I.  STANDARD OF REVIEW.

Under Fed. R. Civ. P. 54(d), "costs – other than attorney's fees – should be allowed to the prevailing party," unless a rule of civil procedure, a federal statute, or a court order provide otherwise. Pursuant to 28 U.S.C. § 1920, the costs that are recoverable under Rule 54(d) include fees for printed or electronically recorded transcripts necessarily obtained for use in the case, and fees and disbursements for witnesses. The specific witness fees that are recoverable are detailed in 28 U.S.C. § 1821; *Guzman v. Boeing Co.,* No. CV 13-12615-JGD, 2019 WL 468195, at *2 (D. Mass. Feb. 6, 2019).

"District courts are 'bound by the limitations' established by section 1920, and costs not listed under that section may not be awarded." *Keurig, Inc. v. JBR, Inc.,* No. CIV. 11-11941-FDS, 2014 WL 2155083, at *1 (D. Mass. May 21, 2014) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 444–45, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)).

Nonetheless, District courts have "broad discretion under Rule 54(d)" to refuse to award costs.  *Osorio v. One World Technologies, Inc.*  834 F.Supp.2d 20, 21 (D. Mass. 2011).

Here, and as explained in further detail below, the costs sought by the Plaintiff are excessive and outside the bounds of permissible recovery under 28 U.S.C. § 1920. Accordingly, Plaintiff's Bill of Costs should be denied or in the alternative reduced substantially.

## II.  COSTS FOR SERVICE OF SUBPOENAS.

28 U.S.C. § 1920 does not provide compensation for the cost of private process servers, and "expressly permits the fees of the marshal only." *Keurig, Inc.,* 2014 WL 2155083 at * 2; *see also U.S. ex rel. Davis v. U.S. Training Center, Inc.,* 829 F.Supp.2d 329 (E.D. Va. 2011) (denying private process server fees).  Accordingly, it is inappropriate to compensate a prevailing party for the use of private process servers that charge fees exceeding that of the Marshall.  *Id.*

Further, service of process fees relating to the service of subpoenas on persons whose testimony was not reasonably necessary for trial should be disallowed.  *George v. GTE Directories Corp.,* 114 F.Supp. 2d 1281, 1299 (M.D. Fla. 2000).

Here, the Plaintiff seeks compensation for the private service of process upon witnesses of the Steamship Authority and of Defendant's retained expert Dr. Terrono. Plaintiff's requests for these costs should be denied.

First, the costs are excessive because they exceed the $65.00 fee charged by the United States Marshal Service. 28 C.F.R. § 0.144 (minimum fee for service of process $65.00).

Second, the costs were wholly unnecessary for the foregoing reasons:

- Plaintiff never called Carl Walker, Andrew Terrono, Kayleigh Rock and Michael Collyer to testify live at trial.  Plaintiff's requests for compensation for service of these unnecessary subpoenas should therefore be denied.

- Defendant called Stephen Healy, Captain James Corbett, and Captain Greg Gifford to testify live at trial on behalf of the Steamship Authority and service of subpoenas on these individuals was likewise wholly unnecessary.[1]

---

[1] *See **Docket No. 80, Defendant's Witness List.***  Because Defendant obtained the sufficient testimony of these witness on cross examination, it was unnecessary to call these witnesses a second time during

- The service fees include multiple attempts and the Defendant should not have to pay for the failures of private process servers.

- Prior to attempting service, Plaintiff did not request that the Steamship Authority produce the foregoing witnesses voluntarily.

Accordingly, any service of subpoena fees should be denied as wholly unnecessary and beyond the scope of recoverable expenses pursuant to 28 U.S.C. § 1920. In the alternative, the fees should be limited to those charged by the U.S. Marshal only for those witnesses called by the Plaintiff and who were not called by the Defendant to testify live at trial:[2]

| | | |
|---|---|---|
| 1. | Francis Tallino: | $65.00 |
| 2. | Phillip Parent: | $65.00 |
| | **TOTAL:** | **$130.00** |

See  Keurig, Inc., 2014 WL 2155083 at * 2.

###    III. COPIES.

"Copying costs are taxable under § 1920(4) so long as they are reasonably necessary for use in the case rather than incidental to the trial or incurred in preparation for it." Osario, 834 F.Supp.2d at 23.   "'While a page-by-page justification is not required, the prevailing party must offer some evidence of necessity.'"  Id. (quoting Bowling v. Hasbro, Inc., 582 F.Supp.2d 192, 210 (D.R.I.2008)). "Nonetheless,

---

Defendant's case in chief.  Had Plaintiff declined to call these witnesses at trial, Defendant would have called them anyway.

[2] The minimum $65.00 fee is appropriate here because "Plaintiff has not offered any supporting documentation to show the manner in which process was served."  George, 114 F.Supp.2d at 1299.

counsel should inform the Court of the number of copies, the cost of each copy, and provide, if possible, a breakdown of the reasons why photocopying of certain documents was necessary." *Id.*

Here, Plaintiff does not provide any explanation or justification as to why the copying costs it seeks were necessary.  It appears that the charges are nothing more than incidental expenses for ordinary trial preparation.  Accordingly, Plaintiff's request for copying costs should be denied.

## IV. DAILY TRIAL TRANSCRIPTS.

The cost of daily trial transcripts are taxable if they were "necessarily obtained for use in the case." *Osario,* 834 F.Supp.2d at 23; 28 U.S.C. § 1920(2).  Generally, the costs of daily trial transcripts are not recoverable in cases that are not complex and in circumstances where there is no evidence that the prevailing party required the transcripts to cross examine witnesses. *Id.*

This case is a relatively simple personal injury matter.  The trial did not last more than a week.  There is no reason why the Plaintiff required daily trial transcripts.  There is no evidence that the transcripts were used for the cross examination of witnesses, and the Court should properly exercise its discretion to deny these costs as wholly unnecessary.

## V.  WITNESS FEES

A witness may receive a $40 stipend for each day he or she attends trial, including "the time necessarily occupied in going to and returning from the place of attendance." 28 U.S.C. § 1821(b). Attendance fees for expert witnesses are not to be awarded in excess of "$40 per day of testimony." *Id.* (quoting *McLaughlin by McLaughlin v. Boston Sch. Comm.,* 976 F.Supp. 53, 69 (D.Mass.1997); *see also Canal Barge Co. v.*

6

*Commonwealth Edison Co.,* No. 98 C 0509, 2003 WL 1908032, at *3 (N.D.Ill. Apr. 18, 2003); *Keeton v. Wal–Mart Stores, Inc.,* 21 F.Supp.2d 653, 662 (E.D.Tex.1998)).

Here, Plaintiff properly claims $40.00 in witness fees in addition to mileage costs set forth by statute.  However, the "subsistence" charges claimed are unsupported and inappropriate.  Accordingly, Plaintiff's witness fees should be reduced, <u>at a minimum</u>, in the amount of $714.00 to **<u>$369.63</u>**.

The foregoing witness fees should be further reduced by two-thirds because two [2] of the foregoing witnesses were wholly unnecessary.  Plaintiff employed two expert witnesses on liability (as opposed to Defendant's single expert).  Further, Mr. Mason's testimony authenticating the videos he took would have been unnecessary had his identity been properly disclosed during discovery.[3]  Accordingly, the $369.63 charged in witness fees should be further reduced to **<u>$123.21</u>**.

WHEREFORE, the Defendant respectfully prays that the Honorable Court decline to tax costs claimed by the Plaintiff.  In the alternative, any costs assessed should be limited to $123.21 in witness fees.

---

[3] *See Docket No. 66, Defendant's Motion in Limine to Preclude Surreptitious Photographs and Video.*

Respectfully submitted,
By its attorney,
**CLINTON & MUZYKA, P.C.**

*/s/ Olaf Aprans*
**Thomas J. Muzyka**
**BBO NO: 365540**
**Olaf Aprans**
**BBO NO: 670434**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
(617) 723-9165
Fax#: (617) 720-3489
Email: oaprans@clinmuzyka.com

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.2, I further certify that I will cause the above document to be filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non- registered participants on February 28, 2019**.**

"/s/ Olaf Aprans"
Olaf Aprans